Jeffrey G. Sheldon (SBN 67516)
jsheldon@leechtishman.com
Katherine M. Bond (SBN 263020)
kbond@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL**
100 East Corson Street, Third Floor
Pasadena, California  91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

Attorneys for Plaintiff
Halo Couture, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| HALO COUTURE, LLC, a California limited liability company<br><br>Plaintiff,<br><br>v.<br><br>RICHARD WALKER, an individual d/b/a Glamorstyles, Glamor Styles and Glamor Styles USA, and DOES 1-10, inclusive,<br><br>Defendants | Case No.:  5:16-cv-40600<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **TRADEMARK INFRINGEMENT;**<br>2. **FALSE DESIGNATION OF ORIGIN;**<br>3. **COMMON LAW TRADEMARK INFRINGEMENT;**<br>4. **STATUTORY UNFAIR COMPETITION; AND**<br>5. **COMMON LAW UNFAIR COMPETITION**<br><br>**REQUEST FOR JURY TRIAL** |

/ / /

/ / /

Plaintiff Halo Couture, LLC, by its attorneys, Leech Tishman Fuscaldo & Lampl, alleges as follows:

## JURISDICTION AND VENUE

1. The court has original jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.* This court has supplemental jurisdiction over Plaintiff's non-federal claims under 28 U.S.C. § 1367 in that those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

2. Upon information and belief, this court has personal jurisdiction over Defendant Richard Walker, doing business as Glamorstyles, Glamor Styles, and Glamor Styles USA based on his physical presence in this judicial district as well as his systematic and continuous business conduct in this district.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district as defendants are physically located in this district and regularly conduct business in this district. Upon information and belief, Defendants have sold infringing products in this district through its eBay store located at http://www.ebay.com/usr/glamorstyles.

## THE PARTIES

4. Plaintiff Halo Couture, LLC ("Halo Couture" or "Plaintiff") is a California limited liability company, with a principal place of business at 26820 Hobie Circle, Murietta, California 92562, and is the owner of the Halo Couture mark ("Halo Couture Mark") and the Halo mark ("Halo Mark") as described herein.

5. Defendant Richard Walker, doing business as Glamorstyles, Glamor Styles and Glamor Styles USA ("Glamorstyles") is, on information and belief, an

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

individual with a place of business at 42859 23rd Street, Lancaster, CA 93536-4632.  Glamorstyles advertises and sells hair extenders under the name HALO, which infringes Plaintiff's trademark rights.

6. The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff; therefore, Plaintiff sues said Defendants by said fictitious names.  Plaintiff is informed and believes, an thereon alleges, that each of the Defendants designated herein as DOES 1-10 is legally responsible for the infringement of Plaintiff Halo Couture's trademark rights as hereinafter alleged and has legally caused injury and damages proximately thereby to Plaintiff as alleged herein.  Plaintiff will seek leave to amend this Complaint when the true names and capacities of said DOE Defendants have been ascertained.  Glamorstyles and DOES 1 through 10, are hereinafter collectively referred to as "Defendants."

7. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

8. Plaintiff is informed and believes, and on that basis alleges, that each of Glamorstyles and DOES 1-10, has acted in concert and participation with each other concerning the matters alleged in this Complaint.

9. Plaintiff is informed and believes, and on that basis alleges, that each of Glamorstyles and DOES 1-10, was empowered to act as the agent, servant and/or employee of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## THE PLAINTIFF'S TRADEMARKS

10. Halo Couture is a family owned business that is engaged in among other things, the production, sale and distribution of hair extenders.  It has been in business since 2009, and over the years has enjoyed tremendous success.

11. Since its inception Halo Couture has used the term "HALO" to identify its hair extenders and to distinguish them from the hair extenders of others. Halo Couture owns U.S. Trademark Registration No. 4,714,358 for the word mark "HALO" (the "Halo Word Mark" or the "'358 Registration"). The '358 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on April 7, 2015 for use in connection with hair extensions. A true and correct copy of which is attached as Exhibit A. Halo Couture has by assignment all rights of Halo Inc Limited in the mark Halo in the United States including the right to sue for past infringement. Halo Inc Limited sold Halo hair extenders in the United States prior to any use by Defendants of the Halo mark.

12. Halo Couture owns U.S. Trademark Registration No. 4,775,722 for the word mark "HALOCOUTURE" (the "HaloCouture Word Mark" or the "'722 Registration"). The '722 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on July 21, 2015 for use in connection with hair accessories and hair extensions. A true and correct copy of which is attached as Exhibit B. The '358 and '722 Registrations constitute prima facie evidence of the validity of the Halo Word Mark and the HaloCouture Word Mark, of Halo Couture's ownership of those marks, and of Halo Couture's exclusive right to use the Halo Word Mark and the HaloCouture Word Mark in connection with the goods specified in those registrations and in connection with related goods and services. Hereafter, the Halo Word Mark and the HaloCouture Word Mark shall be referred to collectively as the Halo Marks.

13. At all times relevant to the acts complained of herein, Halo Couture has used the Halo Marks to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the mark on its products, on its Internet website and on advertising materials promoting its goods. Halo Couture has used the Halo Marks in connection with such goods continuously from the time it adopted them until the

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

present and has attained considerable value and the goodwill associated with them which represents a valuable business asset.

14. The presence of the Halo Marks on Halo Couture's goods, on its web site and on advertising for Halo Couture's goods indicates to the public that goods and services provided under the Halo Marks originate with, or are provided by, Halo Couture.

### Glamorstyles

15. Halo Couture is informed and believes, and based thereon it alleges that at some time after Halo Couture began using the Halo Marks in commerce, the Defendants began offering to provide, and are providing, in the United States and in this judicial district, goods that directly compete with Halo Couture's goods, specifically, hair extenders. A true and correct copy of a receipt for a Glamorstyles' hair extender is attached as Exhibit C.

16. Halo Couture is informed and believes, and based thereon it alleges and that the Defendants are using words and symbols in connection with those goods a mark that is confusingly similar to the Halo Marks, namely the word "HALO" to describe hair extenders. A true and correct copy of a package insert that was included with the hair extender purchased in Exhibit C is attached as Exhibit D.

17. Halo Couture is informed and believes, and based thereon it alleges that the Defendants are using an eBay store called Glamorstyles to offer for sale and sell the infringing goods. Screenshots taken from the Defendants' eBay store located at http://www.ebay.com/usr/glamorstyles showing use of the mark are attached as Exhibit E (the "Glamorstyles Store").

18. On or about February 9, 2016, Halo Couture through counsel filed a Notice of Claimed Infringement with eBay regarding Defendants' listings on the Glamorstyles Store. eBay promptly took action and removed over forty (40) Glamorstyles listings. At that time Glamorstyles had over nine hundred and fifty-

four (954) "HALO" listings. eBay requires each listing number to be reported in a Notice of Claimed Infringement. A true and correct copy of the correspondence with eBay's VERO program is attached as Exhibit F.

19. Halo Couture did not receive any response or communication from Defendants regarding the take down action by eBay.

20. Rather than file a Notice of Claimed Infringement for all of Defendants' "HALO" listings on eBay, Halo Couture through counsel sent a cease and desist letter on or about February 26, 2016 notifying Glamorstyles that any use of the mark "HALO" in connection with hair extensions implies an affiliation and/or association with Halo Couture which confuses and misdirects consumers seeking authentic Halo Couture products. Halo Couture offered to resolve this matter amicably without the need for litigation. However Glamorestyles refused and continues to refuse to stop using the "HALO" mark.

21. Defendants' use of the mark "HALO", is likely to cause confusion, mistake and deception in the marketplace as to whether there is an affiliation, connection or association between Halo Couture and Glamorstyles and as to whether Glamorstyle's goods originate with, or are sponsored or approved by, Halo Couture.

22. Halo Couture was left with no other option but to file a complaint for trademark infringement, and unfair competition, among other claims.

23. Defendants' actions complained of herein were committed fraudulently, willfully, oppressively and maliciously.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants for Trademark Infringement, 15 U.S.C. § 1125(a))

24. Halo Couture incorporates, repeats and realleges paragraphs 1 through 23 above, as if set forth fully herein.

1   25.   The Halo Couture Mark and the Halo Mark are owned by Halo Couture and Halo Couture has continuously used the marks in commerce for many years. Halo Couture has never authorized or consented to the Defendants' use of the Halo Couture Mark, the Halo Mark or of any similar words or names in connection with their products or services.

26.   Defendants' actions, as alleged above, are likely to continue to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with Halo Couture, or as to the origin, sponsorship or approval of Defendants' products or services by Halo Couture in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.   Halo Couture is informed and it believes and, based thereon it alleges that the Defendants' acts have been undertaken with full knowledge of Halo Couture's rights in and to the Halo Couture Mark and the Halo Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the marks.

28.   By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendant has realized profits and sales it would not have made but for Defendants' conduct.

29.   Defendants' acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the Halo Couture Mark and the Halo Mark, these injuries will continue to occur.

/ / /
/ / /
/ / /
/ / /

## SECOND CLAIM FOR RELIEF

### (Against All Defendants for False Designation of Origin, 15 U.S.C. § 1125(a))

30. Halo Couture incorporates, repeats and realleges paragraphs 1 through 23, and 25 through 29 above, as though fully set forth in this paragraph.

31. The Halo Couture Mark and the Halo Mark are owned by Halo Couture and Halo Couture has continuously used the marks in commerce for many years. Halo Couture has never authorized or consented to the Defendants use of the Halo Couture Mark or the Halo Mark or of any similar words or names in connection with their products or services.

32. Defendants' actions as alleged above, are likely to cause confusion, mistake, or deception, as to the affiliation, connection, or the association of Defendants with Halo Couture or as to the origin, sponsorship, or approval, of Defendants' products or services by Halo Couture in violation of Section 43(a) of the Lanham Act of,15 U.S.C. § 1125(a)(1)(A).

33. Halo Couture is informed and it believes and, based thereon it alleges that the Defendants' acts have been undertaken with full knowledge of Halo Couture's rights in and to the Halo Couture Mark and Halo Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the mark.

34. By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales it would not have made but for Defendants' conduct.

35. Defendants' acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the

Halo Couture Mark and the Halo Mark, these injuries will continue to occur.

## THIRD CLAIM FOR RELIEF

### (Against All Defendants for Common Law Trademark Infringement)

36. Halo Couture repeats and re-alleges paragraphs 1 through 23, 25 through 29 and 31 through 35 above as though fully set forth in this paragraph.

37. By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales it would not have made but for Defendants' conduct.

38. The above-described acts of Defendants constitutes common law trademark and trade name infringement. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

39. On information and belief, the foregoing acts of the Defendants is oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of Halo Couture's rights and with a desire to injure Halo Couture's business and to improve its own.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants for Unfair Competition, Cal. Bus. & Prof. Code § 17200)

40. Halo Couture repeats and re-alleges paragraphs 1 through 23, 25 through 29, 31 through 35, 37 through 39 as though fully set forth in this paragraph.

41. The above-described acts of Defendants constitute unfair competition within the meaning of California Business and Professions Code Section 17200. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless

Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

### FIFTH CLAIM FOR RELIEF

### (Against All Defendants for Common Law Unfair Competition)

42. Halo Couture repeats and re-alleges paragraphs 1 through 23, 25 through 29, 31 through 35, 37 through 39 and 41 as though fully set forth in this paragraph.

43. By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and the loss of profits and sales it would have made but for Defendants' conduct.

44. The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off its goods and services as those of Halo Couture. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

45. On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of Halo Couture's rights and with a desire to injure Halo Couture's business and to improve their own.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an order permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

    a. Using any brand or designation that makes use of the term "HALO" or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale,

- 9 -

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

promotion or advertising of any products and/or services that are the same as, or are related to, Halo Couture's goods;

      b.      Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term "HALO" or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Halo Couture's goods;

      c.      Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the Halo Couture mark and the Halo Mark;

2.      For an order directing the Defendants to deliver up for destruction all products, labels, boxes, signs, prints, packages, wrappers, and artwork in their possession, or under their control, bearing or intended to bear the term "HALO" or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3.      For an order pursuant to 15 U.S.C. § 1125(c)(1) permanently enjoining Defendants and their officers, agents, employees, and all those acting in concert or conspiracy with them from making use of the "HALO" name or any other term that contains the term "HALO" or any phonetic equivalent of that mark in connection with the sale of hair and beauty products;

4.      For a monetary award in favor of Halo Couture in an amount equal to (i) Halo Couture's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

5.      For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

6.      For a finding that the Defendants' acts of infringement were willful within the meaning of 15 U.S.C. § 1117(c)(2);

7. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

8. For a finding that the Defendants' acts were undertaken intentionally, maliciously and/or with a reckless and wanton disregard of Plaintiff's rights and for an award of exemplary damages pursuant to California Civil Code section 3295 in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

9. For an award of costs or as otherwise provided by law;

10. For exemplary and punitive damages; and

11. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 4, 2016     LEECH TISHMAN FUSCALDO & LAMPL

By: /s/ Katherine M. Bond
Jeffrey G. Sheldon
Katherine M. Bond

Attorneys for Plaintiff Halo Couture, LLC

# **REQUEST FOR JURY TRIAL**

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 4, 2016        LEECH TISHMAN FUSCALDO & LAMPL

By:  /s/ Katherine M. Bond
     Jeffrey G. Sheldon
     Katherine M. Bond

Attorneys for Plaintiff Halo Couture, LLC